Carlton B. SHAFFER,
Plaintiff-Respondent,

v.

SEARS, ROEBUCK AND CO., et al.,
Defendants-Appellants.

No. 51297.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 26, 1987.

Motion for Rehearing and/or Transfer
Denied June 24, 1987.

Application to Transfer Denied
Sept. 15, 1987.

George E. Schaaf, Guilfoil Petzall & Shoemake, St. Louis, for defendants-appellants.

Stephen M. Glassman, St. Louis, for plaintiff-respondent.

CRANDALL, Judge.

Defendants Sears, Roebuck and Company (Sears) and Patricia Zoeller (Zoeller) appeal from a judgment entered pursuant to a jury verdict in a malicious prosecution action in favor of plaintiff, Carleton B. Shaffer, in the amount of $20,000 compensatory damages against both defendants and $50,000 punitive damages against Sears only. Zoeller is a security guard employed by Sears. We affirm in part and reverse in part.

Defendants instigated an unsuccessful criminal prosecution of plaintiff for shoplifting which gave rise to this malicious prosecution action. This is the second appeal of this case. At the first trial plaintiff obtained judgment for $15,000 actual damages against Sears, Zoeller and two other defendants and $275,000 for punitive damages against Sears only. On appeal, we reversed and remanded in light of *Sanders v. Daniel International Corporation*, 682 S.W.2d 803 (Mo. banc 1984) (Sanders), which substantially changed the law of malicious prosecution as it existed in Missouri. *Shaffer v. Sears, Roebuck and Co.*, 689 S.W.2d 683 (Mo.App.1985) (Shaffer I). On remand plaintiff filed an amended petition

naming Sears and Zoeller as the only defendants. The case *sub judice* is an appeal from the second trial.

■ Defendants first contend that plaintiff failed to make a submissible case for compensatory damages in malicious prosecution. The evidence at the second trial was essentially the same as the first trial. Since the facts are set forth in detail in Shaffer I, we need not reiterate them in this opinion. In that case we noted at page 687:

> We turn to defendants' contention that the plaintiff failed to present evidence sufficient to make a submissible case under the newly articulated standards and that outright reversal is required. As to compensatory damages we believe the evidence to be sufficient. A jury could have found (but was not compelled to find) that one or more of the individual defendants proceeded consciously to prosecute plaintiff with such wanton disregard for the rights of plaintiff as to infer an improper motive. That finding is one of legal malice sufficient under *Sanders* to support the cause of action. Here defendants were advised before prosecution was instigated of plaintiff's explanation of the occurrence. They made no effort to check out his story which could have been done by simply contacting another of Sears employees. That employee in fact verified plaintiff's story. That, coupled with the physical viewing point of the store security officer who purported to see the theft, plaintiff's payment of items worth six times the value of what he purportedly stole, the condition of the items when taken from plaintiff indicating the possibility of prior purchase, and the inflexible policy of prosecution of Sears testified to, support a finding of wanton disregard of plaintiff's rights. In addition no investigation was conducted even after plaintiff's attorney advised the company of the results of his investigation, and prosecution was continued without further review.

Defendants' challenge to the compensatory damage award is basically a re-argument of the same point they raised in Shaffer I. We concur with our prior opinion. Defendants' first point is denied.

■ Defendants next contend that plaintiff failed to make a submissible case on the issue of punitive damages. Since this malicious prosecution action arose from proceedings which were criminal in nature, proof of actual malice is required to support a punitive damage award. *Sanders; Shaffer I; Brown v. New Plaza Pontiac Co.*, 719 S.W.2d 468, 472, (Mo.App.1986). In *Shaffer* I, we held:

> As to the punitive damages, proof of actual malice is required. As defined in *Sanders* that proof is lacking. Wanton disregard sufficient for legal malice is not sufficient for actual malice under the *Sanders* case. We cannot say, however, that plaintiff would be unable to provide evidence of actual malice now that he is aware of the requirements of *Sanders*.

*Shaffer*, 689 S.W.2d at 687.

■ Plaintiff has not adduced any additional evidence on the issue of actual malice. Further, we decline to follow plaintiff's suggestion that we carve out a new exception to the actual malice requirement where a private police or security force is involved. We therefore find defendants' second point meritorious.

The judgment for $20,000 compensatory damages is affirmed as to both defendants. The judgment for $50,000 punitive damages against Sears only is reversed.[1]

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. Plaintiff's motion for damages for frivolous    appeal is denied.